# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

| | |
|---|---|
| **HEATH WILLIAMSON,** *Plaintiff* § § § | |
| **v.** § § | Case No. 1:20-CV-0041-LY-SH |
| **CARRINGTON MORTGAGE SERVICES, LLC,** *Defendant* § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before this Court is Carrington's Rule 12(c) Dismissal Motion, filed February 21, 2020 (Dkt. No. 6). Plaintiff did not file a Response. On January 15, 2020, the District Court referred the above case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. BACKGROUND

On August 31, 2005, Heath Williamson ("Williamson") obtained a home equity loan ("Loan") secured by a Deed of Trust from The Bank of New York Mellon ("BoNYM") in the amount of $154,400.00 on residential property located at 705 Wildwood Drive, Georgetown, Texas 78628 (the "Property"). *See* Dkt. No. 6-1. Carrington Mortgage Services, LLC ("Carrington") is the current loan servicer on the Loan.

In early 2019, Williamson defaulted on the Loan by failing to make the monthly payments. On March 9, 2019, Carrington sent Plaintiff a Notice of Intent to Foreclose notifying Plaintiff that he had 30 days to cure the default or his Property would be sold at foreclosure. Dkt. 6-1 at p. 3. After

Plaintiff failed to cure the default, Defendant scheduled the foreclosure sale for September 3, 2019. *See* Dkt. No. 1-2 at ¶ 7 in A-19-CV-869 LY.

On August 31, 2019, Williamson filed his first lawsuit in state court to stop foreclosure of the Property, alleging that BoNYM failed to respond to his qualified written requests ("QWRs"), in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). *See Williamson v. Bank of New York Mellon*, Cause No. 19-1347-C425 (425th Dist. Ct., Williamson County, Tex. Aug. 31, 2019) ("Lawsuit I"). After BoNYM removed Lawsuit I to this Court,[1] the parties filed a Joint Stipulation of Voluntary Dismissal with Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) agreeing to the "dismissal of all claims Mr. Williamson asserted, or could have asserted, against BoNYM with prejudice." *See* Dkt. No. 6 in A-19-CV-869 LY. On October 7, 2019, the District Court approved the Joint Stipulation, dismissed Lawsuit I with prejudice, and entered a final judgment. *Id.* at Dkt. Nos. 8-9.

On November 20, 2019, Carrington sent Williamson a Notice of Acceleration of Maturity informing him that the maturity date of his Loan had been accelerated and "the entire unpaid principal balance of the Note and all accrued interest and all other sums lawfully owing on the Note or under the Deed of Trust are now due and payable." Dkt. No. 6-1 at p. 9. The Notice further warned Williamson that if he failed to pay the accelerated amount due on the Loan, his Property would be sold at foreclosure on January 7, 2020. *Id.* at 10.

One day before the foreclosure was to take place, Williamson filed his second lawsuit in state court to stop the foreclosure. *See Williamson v. Carrington Mortgage Services, LLC*, Cause No. 20-0015-C-26 (26th Dist. Ct., Williamson County, Tex. Jan. 6, 2020). In the instant Lawsuit, Williamson names Carrington as a defendant and alleges that the scheduled foreclosure sale is

---

[1] Once removed, Lawsuit I was assigned to the Honorable Lee Yeakel and given Cause No. A-19-CV-869-LY.

unlawful because Carrington failed to comply with the notice requirements under Section 51.002 of the Texas Property Code. Carrington's lawsuit also requested a TRO to stop the foreclosure, which the state court granted the same day. *See* Dkt. No. 1-3.

On January 14, 2020, Carrington removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. 1332(a). Dkt. No. 1. On February 21, 2020, Carrington filed this Motion, arguing that Williamson has failed to state a plausible claim for relief.

## II. LEGAL STANDARD

The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim. *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III.   ANALYSIS

Carrington argues that Williamson's lawsuit should be dismissed because Section 51.002 of the Texas Property Code does not provide for a private right of action, and even if it does, Carrington complied with the statute. Carrington also argues that Williamson's claim for wrongful foreclosure fails because no foreclosure sale has occurred.

As noted, Williamson failed to respond to Carrington's Motion. Pursuant to Local Rule CV-7(e)(2), if no response to a motion is filed within the time period prescribed by the rule – here, 14 days – the court may grant the motion as unopposed. The Court, however, will address the merits of the Motion because dismissing a case other than on the merits of the claims is disfavored.

**A.  Section 51.002 of the Texas Property Code**

Williamson alleges that Carrington violated Section 51.002(d) of the Texas Property Code by failing to send him "a notice to cure 20 days before accelerating the note." Dkt. No. 1-2 at ¶ 29. Section 51.002(d) requires a mortgage servicer to "serve a debtor in default . . . with written notice by certified mail stating that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b)." TEX. PROP. CODE ANN. § 51.002(d) (West 2017).

Carrington argues Williamson's Section 51.002(d) claim fails because the statute does not create an independent cause of action. Neither the Fifth Circuit nor the Texas Supreme Court has explicitly determined whether an aggrieved party can bring a private cause of action directly under § 51.002(d). *See Rucker v. Bank of Am., N.A.*, 806 F. 3d 823, 830 n.2 (5th Cir. 2015) (noting that

4

the Texas Supreme Court has not decided the issue). In *Rucker*, however, the Fifth Circuit observed that the majority of federal district courts to address the question "seem to conclude that Section 51.002(d) does not intend an independent private cause of action." *Id.* (collecting cases); *see also Carey v. Fargo*, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016); *Recio-Garcia v. Ditech Fin. LLC*, 2018 WL 4688758, at *3 (W.D. Tex. June 6, 2018) ("An alleged violation of § 51.002(d) does not create an independent cause of action and instead must be brought as a wrongful foreclosure action."), *report and recommendation adopted*, 2018 WL 4701819 (W.D. Tex. July 10, 2018). The Court need not rule on this issue, however, because even if Section 51.002(d) authorizes an independent cause of action, Williamson fails to state a violation of the statute.

As noted, Section 51.002(d) requires that the loan servicer provide notice of default and at least twenty days to cure before giving notice of sale. Carrington offers undisputed evidence that it sent Williamson a notice of default via certified mail on March 9, 2019, informing him that he had until April 1, 2019, to avoid foreclosure by making all payments due on the Loan. *See* Dkt. No. 6-1 at p. 3. Carrington also has provided evidence that Williamson received the notice by providing his signature on receipt. *Id.* at p. 7. Williamson does not allege that Carrington attempted to send him a notice of sale or to initiate foreclosure before April 1, 2019. As detailed above, the first foreclosure sale was scheduled for September 3, 2019,[2] while the second was not scheduled until January 7, 2020. Dkt. No. 6-1 at p. 9. Therefore, Carrington fully complied with Section 51.002(d) by giving Williamson notice of the default and providing him more than the required twenty days to cure it. Accordingly, Williamson's Section 51.002(d) claim fails as a matter of law.

---

[2] Dkt. No. 1-2 at ¶ 7 in A-19-CV-869-LY.

### B. Wrongful Foreclosure

Although it is not entirely clear whether Williamson is alleging a separate common-law wrongful foreclosure claim against Carrington, any such claim also would fail. Under Texas law, "[a] claim for wrongful foreclosure requires that the property in question be sold at a foreclosure sale." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011); *see also Allied Capital Corp. v. Cravens*, 67 S.W.3d 486, 492 (Tex. App.—Corpus Christi 2002, no pet.). Thus, "[a] claim of wrongful foreclosure cannot succeed . . . when no foreclosure has occurred." *Foster v. Deutsche Bank Nat'l Tr. Co.,* 848 F.3d 403, 406 (5th Cir. 2017); *see also Suarez v. U.S. Bank Tr. Nat'l Ass'n*, 2019 WL 1048854, at *7 (W.D. Tex. Mar. 4, 2019) ("In other words, in Texas, there is no cause of action for an attempted wrongful foreclosure."), *report and recommendation adopted*, 2019 WL 2565268 (W.D. Tex. Apr. 12, 2019). Accordingly, Williamson fails to state a claim for wrongful foreclosure because no foreclosure sale has occurred. *See id.* ("It is undisputed that, even though Defendant commenced foreclosure proceedings, Plaintiff never lost possession of the Property. As Plaintiff never lost possession of the Property, he seeks damages for an attempted wrongful foreclosure—an action not recognized in Texas."). Accordingly, any potential wrongful foreclosure claim would fail.

### C. Conclusion

The Court finds that Carrington's Motion to Dismiss should be granted because Plaintiff has failed to state a claim to relief that is "plausible on its face." *Ashcroft,* 556 U.S. at 678.

### IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Carrington Mortgage Services, LLC's Rule 12(c) Dismissal Motion (Dkt. No. 6) and **DISMISS** Heath Williamson's lawsuit in its entirety.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 25, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE